# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: 23-cv-869 ECT/JFD

| | |
|---|---|
| Andrew B. Austin,<br><br>      Plaintiff,<br>v.<br><br>LexisNexis Risk Solutions Inc.,<br><br>      Defendant. | **STIPULATION FOR PROTECTIVE ORDER** |

The parties stipulate that the court may enter the following protective order:

1. Definitions. As used in this protective order:

 (a) "attorney" means an attorney who has appeared in this action or otherwise been retained by one of the parties;

 (b) "confidential document" means a document designated as confidential under this protective order;

 (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

 (d) "document" means information disclosed or produced in discovery, including at a deposition;

 (e) "notice" or "notify" means written notice;

 (f) "party" means a party to this action; and

 (g) "protected document" means a document protected by a privilege or the work-product doctrine.

LEGAL02\069184\595107\43156998.v1-7/12/23

2. Designating a Document or Deposition as Confidential.

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. Who May Receive a Confidential Document.

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or staff;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information;

(5) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

(6) a court reporter or videographer retained in connection with this action;

(7) a party (subject to paragraph 3(c));

(8) experts specifically retained as consultants or expert witnesses in connection with this litigation; and

(9) any person who:

> (A) is retained to assist a party or attorney with this action; and
>
> (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:
>
>> I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>>
>> I declare under penalty of perjury that the foregoing is true and correct.

(c) A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be disclosed other than in accordance with this Order and may only be revealed to:

(1) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(2) experts specifically retained as consultants or expert witnesses in connection with this litigation;

(3) the Court and its personnel;

(4) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; or

(5) the author of the document or the original source of the information.

3

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 3 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

5.     Serving This Protective Order on a Non-Party. A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

6.     Correcting an Error in Designation. A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

7.     Use of a Confidential Document in Court.

(a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.6.

(b) Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

(c) All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

8. Changing a Confidential Document's Designation.

   (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

   (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

   (c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

9. Handling a Confidential Document after Termination of Litigation.

   (a) Within 60 days after the termination of this action (including any appeals), each party must:

      (1) return or destroy all confidential documents; and

      (2) notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

   (b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.1

10. Inadvertent Disclosure or Production to a Party of a Protected Document.

    (a) Notice.

       (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

       (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

5

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

11. Security Precautions and Data Breaches.

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

12. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14. Survival of Obligations. The obligations imposed by this protective order survive the termination of this action.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
|---|---|
| By: *s/Thomas J Lyons Jr.*<br>Thomas J. Lyons, Jr., Esq.<br>Attorney I.D. #: 0249646<br>Carter B. Lyons, Esq.<br>Attorney I.D. #: 0403655<br>CONSUMER JUSTICE CENTER, P.A.<br>367 Commerce Court<br>Vadnais Heights, MN 55127<br>Telephone: (651) 770-9707 | By: *s/Joseph G. Schmitt*<br>Joseph G. Schmitt (MN Reg. No. 231447)<br>NILAN JOHNSON LEWIS PA<br>250 Marquette Avenue South, Suite 800<br>Minneapolis, MN 55401<br>Phone: 612-305-7500<br>Fax: 612-305-7501<br>jschmitt@nilanjohnson.com |

Facsimile: (651) 704-0907                          Dated: September 6, 2023
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

Ryan D. Peterson, Esq.
Attorney I.D. #: 0389607
PETERSON LEGAL PLLC
6600 France Avenue, Suite 602
Edina, MN 55435
Telephone: 612-367-6568
ryan@peterson.legal

Dated: September 6, 2023